(No. 19847.— ▮▮▮▮▮▮▮▮)
THE VILLAGE OF RIVER FOREST, Appellee, *vs.* WALTER A. WADE *et al.* Appellants.

*Opinion filed December 20, 1929.*

IRVIN ROOKS, and LATCHFORD & McKENNA, for appellants.

GEORGE F. CAROLAN, and GEORGE P. FOSTER, JR., for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming special assessments levied against the real property of appellants under the Local Improvement act. The proposed improvement, as stated in the proceedings, was the installation of a system of electric street lights extending over most all of the village of River Forest, in Cook county. The assessments levied for the improvement were objected to by property owners, among

which objections was that their property was assessed more than it will be benefited by the proposed improvement. Upon that objection the cause was tried before a jury in the county court. Appellants state that witnesses for both sides testified on the question of benefits to the property, and they "concede that the verdict of the jury and the judgment entered thereon are within the range of, and therefore sufficiently supported by, the evidence." For that reason counsel for appellants say they assign no error as to the admission or exclusion of evidence or that the verdict is contrary to the proof and have not included a transcript of the evidence in the bill of exceptions.

It is assigned as error that the court below erred in overruling appellants' objection to the printed verdict form No. 1 as submitted by the petitioner and given to the jury, in denying appellants' motion to give only form No. 2a as presented by the objectors, and in denying appellants' motion to give their form No. 2b with form No. 1.

The argument made by appellants in support of their assignments of error is that the form of the verdict should be such as to express the jury's finding and be framed so as to impose no obstacle upon or give any advantage to either party to the suit.

Verdict form No. 1 as given to the jury was to be used to find the issues for petitioner if the property of the objectors had not been assessed more than it was benefited nor more than its proportionate share of the cost of the improvement. Form No. 2a, offered by appellants, in substance told the jury to show by their verdict how much each parcel as therein described and listed would be benefited. The court refused to submit that form, whereupon appellants offered form No. 2b, which in substance told the jury to find whether each lot or parcel as described and listed therein had been assessed more than it was benefited and to show the amount to which each assessment should

be reduced. That form also was refused. The court revised verdict form No. 2a as presented by appellants and submitted it to the jury as form No. 2 with petitioner's form No. 1. The jury returned its verdict upon verdict form No. 1, finding appellants' property had not been assessed more than it would be benefited nor more than its proportionate share of the cost of the improvement. The court overruled a motion for new trial and rendered judgment of confirmation, and from that judgment the objectors perfected an appeal to this court.

Appellants contend that the giving of verdict form No. 1 was unfair to them, and quote from authorities that though no particular form of words may be required, any words may be used which convey the meaning of the jury. The issue presented to the jury was whether the property was assessed more than it would be benefited and whether it was assessed more than its proportionate share of the cost of the work. (*Givins* v. *City of Chicago,* 188 Ill. 348; *Wells* v. *City of Chicago,* 202 id. 448; *City of Chicago* v. *VanSchaack Chemical Works,* 330 id. 264; Smith's Stat. 1929, chap. 24, sec. 49, p. 515.) If the evidence, which is not preserved, justified the verdict, (and that is not disputed,) we cannot see that appellants were in any way prejudiced. The form of the verdict submitted to the jury presented the issue that body was sworn to try, and we do not think appellants can complain of any injury or prejudice because the court did not submit a form of verdict requiring the jury to set down after each parcel of appellants' land as described, the amount they thought the properties would be benefited.

We see no reason for reversing the judgment, and it is accordingly affirmed.                    *Judgment affirmed.*